The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this Honorable Court. The first case for argument this morning is 20-1634, Centripetal Networks v. Cisco Systems. Mr. Hanna, whenever you're ready. Thank you, Your Honor. Good morning, Your Honors. May it please the Court. This case is a classic case for reversal as the Board applies the wrong claim construction in the underlying proceedings. As this Court knows, one of the fundamental issues in this case and in the following case is the construction of the term dynamic security policy. The Board construed dynamic security policy as any rule, message, instruction, file, data structure, or the like that specifies criteria corresponding to one or more packets and identifies packet transformation function to be performed on packets corresponding to the specified criteria. And Mr. Hanna, this is Judge Prost. They got that definition right from the spec, did they not? They got that definition from the spec, but the spec said that a dynamic security policy includes that information. It never said that it is that information, and it never also removed the word dynamic from the word dynamic security policy, and that's the main issue here. I'm sorry to interrupt, but on the includes thing, it sounded like it was kind of an academic discussion because it's not clear to me what effect that has on the obviousness issues. The effect that it has is that the word dynamic is being read out of the term dynamic security policy. And for the obviousness issues, it's unrebutted and uncontested that the prior art, Naraswamy, does not disclose dynamic security policies. This is Judge Reita. You're saying that dynamic is being read out of the claims because there's no requirement that the management server be configured to automatically update the rules, correct? But where can you show where the patent explicitly requires that the dynamic security policy be automatically updated? Where the panel said that, or they said that it doesn't require that? Where the patent says that. Oh, where the patent says that? Yes. Sure. So there's several portions of the patent. I think one of the cleanest ones is column 14, lines 56 to 60. And there it specifically talks about how you have these dynamic security policies that are on the security policy management servers and that their information is automatically updated. But doesn't it say it may be configured to automatically update? I'm sorry, go ahead. No, go ahead. Does it not say that the management server may be configured to automatically update? It doesn't. May be configured? Yes, it says it may be configured to automatically update, but there's nothing in the disclosure that says that the dynamic security policy may be static. But doesn't that mean that the dynamic security policy must be automatically updated? That's your argument, that it must be automatically updated. Absolutely. It needs to be non-static and automatically updated. That is the common understanding of the word dynamic, is that it's non-static. Mr. Hanna, I'm just a little confused because I see a difference between non-static and automatic updating. If the board had adopted just non-static to be something like subject to change, that wouldn't necessarily have included the automatic. You're resting and you're requiring the automatic part, not just the non-static, right? No, I would say that it's the non-static as well. Just with the word non-static, the board specifically said that Naraswamy discloses static security policies. So a construction of non-static would absolutely wipe out the Naraswamy reference completely because it's undisputed that those are static policies that are disclosed, which is the opposite of what a dynamic security policy is. And that's the major issue here, is that there's nothing in the patent specification of the 213 that says that dynamic has an opposite meaning. Now it means static. And that's essentially what the board has done here. They have removed the word dynamic, which goes to one of the principal innovations for the 213 patent, in that the purpose of these dynamic security policies is to be able to react in a dynamic way to network threats that are coming in over the network. And so there's another citation I was going to give for your honors, which is that if you look at 23, column 23, line 19 through 24, it really hits home, and it talks about figure 13, it really hits home why you have these dynamic security policies. And in this embodiment it discloses, if I have a dynamic security policy that says I want to protect against all malicious traffic coming from Russia, for instance, and Russia keeps changing their IP, they keep changing where they're going to be hitting from, what servers they're going to be attacking from. These dynamic security policies can automatically, non-statically update in response to that type of traffic. Now, Naraswamy, you can't do that. A person would have to go in every single time and try to manually configure the policy. In that hypothetical that you gave, is a dynamic security policy, must it be automatically updated? It must be non-static and automatically updated. I mean, I view those as synonymous. It's non-static and automatically updated. Go ahead, Judge Proctor. No, no, I'm sorry, Judge Rayna. Please proceed. I was simply going to point back out to the language on column 14, 56 through 59 that says that the security policy management server may be configured to automatically update. Doesn't that mean that it doesn't have to automatically, that you can configure it to automatically update the rules? Yes, I agree that that's what the language says, but that's support for the fact that that's what dynamic means. So if the claims required another type of security policy, if they didn't require a dynamic security policy, then you could possibly apply a static security policy. But that's not what the claims require. They require this embodiment, which is a dynamic security policy. It is non-static. But didn't the board, and I know this may be a patent from the second case, the 205 patent, but the board pointed to the fact that there were manual embodiments in which an administrative could manually do something, and that was the reason they rejected your kind of automatic requirement, right? It's in this case too, Your Honor, so it's in both cases. Okay, all right. But you have to look very carefully in terms of what the board says and all the quotes. It says that you can manually construct the dynamic security policy, but it never says that the dynamic security policy can be manual. And that's a big difference is that they really gloss over this whole thing that says that you can use a user interface to, and I'll look at, if you look at appendix, you know, page 22, which is a part of the 213 patent, where it talks about the board's reasoning. They say that you can use a user interface and a permitted administrator to update a dynamic security policy manually. Well, of course, you can, you know, a user can go in and create a dynamic security policy, but once that security policy is launched, it's dynamic. It's automatically updated. That's the whole point. And so when you look at the record, every single citation that they have, and including the defendant citations, it says an administrator may manually construct these dynamic security policies offline. Counsel, I'm looking at column four, line 58. And Judge Prost referred to the clamp construction as coming from the specification. And there it is. As used herein, a dynamic security policy includes any rule message, et cetera. That is really definitional. And if it had been intended to mean automatic, that is the place where it would have been found, and it's not there. Well, Your Honor, I mean, I would disagree that it's definitional in that it says that a dynamic security policy includes any rule, message, instruction, file, et cetera. It doesn't say a dynamic security policy is, and it further doesn't go so far as to say a dynamic security policy is a static security policy, and that it would totally wipe out what dynamic means. Here it's just explaining that it can include any rule, message, instruction, file, data structure, et cetera. I mean, this, you know, comes down to the cases that are cited in our briefing in which this court has found when you're going to use the word includes, you still have to – it includes means what the term is going to actually include. And so one of the cases that was cited by defendants says it was a boat including a cabin. But they didn't read out the word – this court did not read out the word boat from the construction. That's the same thing here, is that it's a dynamic security policy includes a rule, message, et cetera, but it doesn't say that you're going to remove – you know, what is it that includes a rule? It still has to be a dynamic – But then there is column after column that talks about what it may include, and it was all – it was broad and it was inclusive. In terms of what the dynamic security policy can include, but when it talks about what the dynamic security policy is and how it works, that's when you look to column 14, lines 56. Or you're going to be looking at the embodiment for figure 13, which gives these examples in terms of – But that's also permissive, may be configured. It's permissive, but it doesn't say that you're going to completely remove the word dynamic from the definition. And that's the point here, is that there needs to be patentable weight given to the word dynamic. And the board completely removed that from the claims. And they're not shy about it. They said that they removed it from the claims. They said that it could be static. They said that the word dynamic actually means the opposite. In my mind, dynamic and static are completely opposite. And they completely removed that word from the claims. Well, you're trying to say that dynamic is equivalent – is defined as non-static, is defined as automatic, and therefore excludes the manual updating. And I just think this definition and the specification is just broader than that. Well, the definition and the specification doesn't say that you can remove the dynamic name. Please finish your sentence. The definition is – there's no definition in the spec that removes the word dynamic. It still has to give it patentable weight. And what it can include and what it cannot include is set forth in the spec. But every time that it says what the dynamic policy is and how it functions, it constantly provides the non-static limitations and then further clarifies that it's automatically updated. May I ask a question before? Of course. Absolutely. Okay. So let's look at column three. This is appendix 188. It's column three and line – it's about 48. This is – figure three illustrates an exemplary dynamic policy. It goes on talking about that. But does that figure contain any requirement that the table must be automatically updated? It doesn't contain any requirement that the table be automatically updated, correct? Well, Your Honor, if you look at that table, it has a bunch of wildcards that are in there. And those wildcards can be applied to, like I was saying, like if you have these IP addresses that are coming in from Russia that are constantly changing, a static security policy is only going to look at the particular address that was manually put in by the administrator. But if you have a dynamic security policy, they act to a variety of IP addresses. And so when you have these asterisks here that say like the star port or the star source address and the destination address, that means that those source addresses can change. You can have multiple addresses here. And then if you look at that in the contents of the rest of the specification, it provides this exact embodiment that I'm talking about, and that it will constantly update it. Your Honor, I heard a tone. I don't know if that means – You are into your rebuttal time. So why don't we hear from the other side and we'll reserve time for rebuttal. All right. Thank you, Your Honors. Thank you. Mr. Blake? Thank you, Your Honor. Jeffrey Blake on behalf of the appellee, Cisco Systems, Inc. I think it's important to start with one of the threshold points, which was not raised in the appellant's argument, is we're under the broadest reasonable construction standard in this particular proceeding. And certainly when you think of what is reasonable, it is reasonable to hold the patent owner to the definition that they put in their own specification. That is the construction comes word for word out of their own specification. It's reasonable to hold them to that under the standard that we have. Well, I think the argument, as you know from the other side, as I understand it, is that what we call a definitional statement uses the word includes rather than is or means. And so doesn't the inclusion of the word includes connote something other than a pure one-for-one definition? Respectfully, Your Honor, I would say no. First of all, if you look at where this definition, in my opinion, is placed in the patent in column four, it's right at the beginning of the detailed description in a paragraph in column four that runs from lines 48 to 65 that has several other definitions that are included. This is your traditional paragraph that you would see where a patentee is telling you, this is what these terms are going to mean when I've discussed the embodiments for the rest of this patent. And to that extent, I think this case is very much on all fours with the N. Ray Bass opinion, 314 F. 3rd 575. And an appellant's attorney made reference to it. If you look at that opinion, it talked about the term motorized sports boat and was construing that term. And this specification said it includes a cabin and has a length in the range of about 20 to 50 feet. And the argument came, well, this is a motorized sports boat. The patent owner said, well, you're reading out the idea that it has to be a sports boat as opposed to another type of boat. And the Federal Circuit did not agree with that. The Federal Circuit looked at that including language and said, it's your definition and your specification. You cannot change or modify it on appeal. If you define the term such that motorized sports boat doesn't include a sports boat, you define another way using the word includes. It's your definition and you're stuck with it. And frankly, the same should apply here logically. But what do we do about, this is Judge Proust. What do we do about the fact that the construction doesn't deal with the word dynamic, which is clearly a word in the claims. And so even if the board didn't go as far as saying a dynamic means automatically updating, shouldn't it have at least discussed what the word dynamic means? Is there anything that you can point to in the board's opinion that tells us this is a dynamic security policy as opposed to just a security policy? We have to give some meaning to the word dynamic, do we not? Well, first of all, Judge Proust, I would say that the In re Basque decision says regardless of what you say, if you choose to give it an overly broad definition as a patent owner, that's your decision. I could define up and down if I decided to so do so. But secondly, I would say that the construction is broad enough to encompass dynamic changes. Because it does refer to the policy includes a rule that specifies criteria or packet transformation functions. And depending on conditions, those things can change. And so they can be dynamic. It can also change when you implement a rule such as this. One of the parts of the 213 patent that no one has discussed yet is column 9, line 33 to column 10, line 3, where there's a specific embodiment. And I'll start it here. It says a dynamic security policy may also include one or more rules or rule sets, the combination of which may effectuate a phased restoration service within the network environment. And this is an example that talks about when you implement the rules may change depending on network conditions. And it's a response to what they refer to as a DDoS attack that says you may implement, you know, a first rule of the policy at this time depending on your network conditions, and a second rule at this time, and a third rule at this time. This is nothing about updating, nothing about automatically updating. It's an embodiment that is within the context of a dynamic security policy. And what it can include that is completely separate from the concept of automatically updating. It says you can do this. And the construction that the board has adopted would cover this type of dynamicism because you have a rule with criteria in it, i.e., what are the network conditions in a DDoS attack, and a packet transformation function, as in which you have a policy, excuse me, that has criteria about this is a DDoS attack, where are we, and packet transformation functions as in which particular rule are we going to apply depending on the criteria that we're seeing. And this allows for dynamicism in that way. And what I would go on to note is if you look at appellant's construction of a non-static set of rules, the word non-static never appears in this patent. It's not in the claims. It's not in the specification. It's nowhere. The concept of updating, having to update a policy in a dynamic security policy is not in the claims. So, you know, the idea of non-static is not in the claims. The idea of updating is not in the claims. Automatically is, though, in this specification, right? Automatically is in the specification. You're absolutely correct. It is one of the ways that a policy could be dynamic. It is not the only way, as I think each of the judges have noted during appellant's counsel's argument, it's not the only way that something could be dynamic. Respectfully, I would say, and this has been a point of contention, that the manual construction of a policy is one way that a policy can be dynamic because an administrator can look at criteria and say, based on these criteria, I'm going to update the policy. I'll update the way the policy works. What you would do in that situation is you have a policy, the administrator says, okay, I need to make changes to the policy to account for additional criteria, and then I'll upload that policy. Again, it's not the dynamic security policy is not restricted to updating. One of the ways it could be done is that you manually construct a new policy and add it in, and that's what's taught in the specification is one of the ways. That's in column 14, lines 23 to 47. There's also the column nine discussion of the way you implement the policy can indicate that it is dynamic, and that is covered by the construction that the board adopted as well. In other words, you're saying that if there's column after column after column, that besides what a dynamic security policy may be, one particular permissive possibility isn't mandatory. Absolutely. That is correct. Even if you look at column 23, lines 19 to 24, which Appellant is now focusing upon kind of newly, even that says it is an exemplary embodiment and says that it is something that may be done, this updating in response to some type of a security attack, says that that's something that may be done when talking about figure 13. I forget which one of the panel asked this question, but if you go back to the discussion of figure 3 and you look at figure 3, it doesn't have any type of an update required when it discusses what the rules are in figure 3 that make up the dynamic security policy. It states the rules, five of them. It states the action, which would be the packet transformation function. The rules provide the criteria for this dynamic security policy. The action provides the packet transformation function. Figure 3 is directly in line with what was adopted, in this case, from the specification. Another point of the policy that I would like to make is this is a side issue. Going back to figure 3, figure 3 does not, am I correct, that figure 3 does not contain any requirement that the table be automatically updated? You are correct. Figure 3 does not contain any requirement that it be automatically updated. It notes that there's some universal kind of star, I think Appellant's counsel referred to as the universal expanders, what you would see as the stars in figure 3. Those do not require automatic updating. What those indicate is that you could have different criteria that are available in the source address that make up part of the rule, which is the dynamic security policy. It does not require updating. As a matter of fact, I would point to column 7, lines 7 to 8, appendix page 190, which specifically states that figure 3 illustrates an exemplary dynamic security policy. Another element relating to the dynamic security policy that has not yet been addressed is the concept, and I'll try to address it briefly, in Appellant's argument that a dynamic security policy has to have one or more rules. Respectfully, I don't think that the set has to be more than one rule. It could be one or more rules. It does not require that there be multiple rules as part of the dynamic security policy. Appellant's construction appears to acknowledge this as well in their proposal because I believe it's a non-static set of one or more rules. But in any event, I would point out that the embodiments throughout the specifications say that the dynamic security policy could be one rule or more than one rule. And for examples of this, I would cite column 6, lines 11 to 12, appendix page 189. I didn't understand how that related to anything on the merits of the case, how that made any difference. Can you explain that to me quickly? That's a good question, Judge Prost. I don't think it changes the merits of the case. I would assume maybe they will argue that this hasn't been raised, but maybe they're trying to get at the idea of arguing that only one rule is disclosed in the art. But certainly there's been no discussion of why it affects the merits of the case, and I don't believe it does. Anything further? One additional point on that, getting off of the construction itself, Your Honor, and talking about the references because I heard Appellant's counsel to say that if automatically is required in the construction, then the Narayana Swamy reference would be eliminated as prior art. And respectfully, we disagree with that wholeheartedly. Narayana Swamy itself is replete with references to the fact that it involves dynamic security policy provisioning, and it specifically refers to the fact that it can automatically determine which policies are implemented as part of its dynamic security provisioning. I would cite Appendix 2481, Paragraphs 6 and 7 of Narayana Swamy as just one of the examples. There are numerous other ones cited in our briefs. Narayana Swamy itself dynamically selects the policy, so I don't want to leave any type of an implication that even if automatically was addressed, which was required in the construction, which, again, it should not be, Narayana Swamy still would disclose the automatic updating, even if that were required, even to be read into the claims and the narrower construction that the Appellant is seeking. If there are no other questions about the dynamic security policy, I'd turn briefly to the motivation to combine point. Well, the other side did not get into that. It's your choice that opens the door for him on rebuttal. I guess you raise a good point. He didn't really get into it, so I guess I'll just cede the remainder of my time, unless there are questions. No. No. Okay. Mr. Hanna, you've got a few minutes left for rebuttal. Yes, thank you, Your Honor. The counsel started off saying that it's not reasonable, that the construction needs to be reasonable, and it is not reasonable to read a term out of the patent dynamic. And, Your Honors, when they ask counsels, where does the board address what dynamic means? There's silence there, because the board doesn't address that. At the very least, this needs to be remanded for the board to specifically address what does dynamic mean and whether that definition of dynamic is in the prior art. And the board simply does not do that. I thought that the board construed the term dynamic security policy to mean, and then it went on with any rule of message, et cetera. Right, but it never disclosed what dynamic means. Isn't that part of its construction? It says dynamic security policy to mean, and then it moves on. You're saying that every word in that term should have been separately, individually construed? Absolutely. Absolutely. There has to be patentable weight given to the word dynamically. It has to mean something. Well, I mean, your argument would fit better if they had said security policy means. Then you could say there's an absence of any discussion of the word dynamic. But the so-called definitional portion of the spec is the whole term including dynamic, right? But they still do not address it. It says dynamic. Again, this goes to the argument that dynamic security policy includes. As counsel said in the motorized sports boat, this court still said it's a boat that includes a cabin. So here it still has to be something that includes these rules. It has to be dynamic security policy. The board never head-on addressed what does the word dynamic mean in dynamic security policy. It completely wiped that word out. So at the very least, this needs to be remanded for the board to determine, okay, there has to be meaning to the word dynamic. What does that mean? Finish your thought, please. I would just say that it has to be able to explain that and then explain in the context why static security policy meets the definition of the word dynamic. And that is not in the record. So at the very least, this needs to be remanded for the board to consider what does the word dynamic mean in that context. Okay, thank you. We thank both sides, and the case is submitted. And we'll see you back shortly, I guess, Mr. Hanna. Thank you, Your Honor. Yes, we'll see you shortly.